SHERCK, J., I concur, in part, and dissent, in part. I agree with the majority's analysis of the assignments of error concerning appellant's guilt. However, I specifically dissent from the majority in its handling of appellant's eighth assignment of error. In my view, the sentencing considerations in this case were as hopelessly flawed as those in State vGreen (2000), 90 Ohio St.3d 352, which the Supreme Court of Ohio found incapable of being corrected by independent review.
Here, as in Green, the trial court multiplied the single statutory aggravating circumstance proven, R.C. 2929.04(A)(7), into "aggravating circumstances." The court's language separates out kidnaping, robbery and prior calculation and design, all elements of R.C. 2929.04(A)(7), giving the distinct impression that the court improperly trebled the weight accorded this sole aggravating circumstance.
As in Green, the trial court in this case clearly weighed non-statutory aggravating factors when it stated that, "[s]ympathy for the defendant's mistreatment as a child, however, can in no way excuse the depraved, violent and calculated nature of his acts * * *." Indeed, it appears that the trial court made its finding of depravity the determinant measure in sweeping away a host of mitigating factors.
I would find the deficiencies, "* * * too severe to correct by simply reevaluating the evidence" Green at 363, vacate appellant's sentence and remand the matter to the trial court.